IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00014-KDB-DCK

| | |
|---|---|
| **JAMIE CLOER KIRBY,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **US BANK NATIONAL ASSOCIATION AND NATIONSTAR MORTGAGE LLC,** | |
| **Defendants.** | |

**THIS MATTER,** in which Plaintiff asks the Court to extinguish her mortgage loan debt and dismiss a pending state court foreclosure action, is before the Court on Defendants' Motion to Dismiss (Doc. No. 8). The Court has carefully reviewed the pleadings, proffered exhibits and the parties' briefs in support and in opposition to the motion and considered this motion under the more lenient standards applicable to *pro se* litigants. For the reasons briefly discussed here and more fully stated in Defendants' memoranda in support of their motion, (Doc. Nos. 8-1, 12), the Court concludes that the motion should be granted.

## I.      LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566

1

U.S. 30 (2012). The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). However, the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); s*ee Ashcroft*, 556 U.S. at 678. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555. (internal citation and quotation marks omitted).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). Further, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). In sum, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests

2

surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.    DISCUSSION

Plaintiff's claims arise out of a mortgage loan secured by the real property located at 315 Legion Road, Hudson, NC 28638 (the "Property").  On or about July 26, 2007, Plaintiff executed a promissory note to Wilmington Finance Inc. in the principal amount of $144,900.00 (the "Note") to purchase the Property. The Note was secured by a Deed of Trust ("Deed of Trust", and collectively with the Note, the "Loan"). Through a series of transactions, the Deed of Trust came to be assigned to Defendant U.S. Bank and the Note indorsed in blank. *See* Doc. No. 8-1 at 2-3. Following a default on the Note and the delivery of a Notice of Default to Plaintiff, U.S. Bank initiated a special proceeding before the North Carolina Caldwell County Clerk of Superior Court, 22-SP-225, to foreclose the Property (the "Foreclosure Action"). Because of the action filed by Plaintiff with this Court, the Foreclosure Action is currently on hold.

The Complaint is, to be diplomatic, unclear. In sum, Plaintiff appears to contend that she is entitled to (1) the release and full satisfaction of the Loan, (2) credit for all proceeds that she paid to the Loan, and (3) a dismissal of the pending state Foreclosure Action with prejudice based on Defendants' alleged failure to respond to various requests for information and documents. For example, Plaintiff claims that Defendants are "in default" after a "non-response" to a document entitled "Consumer Billing Error Dispute," dated September 18, 2022. *See* Doc. No. 1 at 4, Exhibit A. *See* Doc. No. 8-1 at 3-4. Plaintiff lists the following as a basis for the Court's alleged federal question jurisdiction: (1) 15 U.S.C. §1692 *et. seq.,* (2) the Fair Debt Collections Act; (3) the Equal Opportunity Act; (4) 15 U.S.C. §1681 of the Fair Credit Reporting Act; (5) the Truth in Lending Act ("TILA"); and (6) the Real Estate Settlement Procedures Act ("RESPA"); and (7) 12 U.S.C.

3

§412. Doc. No. 1 at 3. However, the Complaint fails to identify specific causes of action or plead specific facts that allege how Defendants' actions or inactions relate to these statutes/acts.

Thus, the Court agrees with Defendants that Plaintiff's Complaint should be dismissed for multiple reasons. *See* Doc. 8-1 at 5-13. First, Plaintiff's Complaint fails to meet the minimum pleading standards of Fed. R. Civ. P. 8(a) and 12(b)(6) because she fails to allege facts to support a plausible claim that Defendants violated any federal statute or regulation. Second, Plaintiff's Complaint should be dismissed under abstention principles according to the *Colorado River* doctrine. Third and finally, a claim under RESPA fails because Defendants were not obligated to respond to Plaintiff's written requests and because Plaintiff fails to allege any damages resulting from any alleged RESPA violation. Accordingly, the Court will grant Defendants' motion and dismiss Plaintiff's Complaint with prejudice.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED;**

2. Plaintiff's Complaint is **DISMISSED** with prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: December 5, 2023

Kenneth D. Bell
United States District Judge

4